IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STEVEN GRAHAM,**

        **Petitioner,**

v.                                                           **Civil Action No. 2:08cv50**
                                                                    **(Judge Maxwell)**

**KUMA J. DEBOO, Warden,**

        **Respondents.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* petitioner initiated this action on March 10, 2008, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. In the petition, the petitioner challenges the United States Parole Commission's ("the Commission") jurisdiction over his 1990 D.C. sentence and the Bureau of Prisons ("BOP") calculation of his sentence. On April 11, 2008, the respondent filed a Response and Motion to Dismiss. After the issuance of a Roseboro Notice, the petitioner filed a reply on May 9, 2008. On November 17, 2008, the petitioner was granted permission to file a further response, however, no additional response has been filed. Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09, et seq.

### II. Factual Background

On March 11, 1991, the petitioner was sentenced by the Superior Court of the District of Columbia to two to six years for robbery and five to fifteen years for possession of a firearm during a crime of violence. Resp't Ex. A. The petitioner was paroled by the D.C. Board of Parole ("the Board") on November 3, 1995. Resp't Ex. B. The petitioner was subsequently arrested on several

different charges in June and July of 1996. Resp't Ex. C & D. Thus, on August 2, 1996, the D.C. parole board issued a detainer warrant. Resp't Ex. E. The petitioner's parole was revoked by the Board on October 31, 1996, after a revocation hearing. Resp't Ex. F. On August 27, 1997, the petitioner was re-paroled with a full term date of November 30, 2005. Resp't Ex. G.

In May of 1999, the petitioner was arrested for possession with intent to distribute heroin. Resp't Ex. H. Therefore, on July 11, 1999, a parole violator warrant was issued for the petitioner. Id. A revocation hearing was held and the Board decided to reinstate the petitioner to parole supervision on August 19, 1999. Resp't Ex. I. However, shortly thereafter, the petitioner was again arrested on drug charges. Resp't Ex. J. Another detainer warrant was issued on October 26, 1999. Resp't Ex. K.

On November 6, 2000, the petitioner was sentenced by the United States District Court for the District of Columbia to 210 months imprisonment for conspiracy to distribute and possession with the intent to distribute, 500 grams or more of cocaine; and unlawful possession with intent to distribute heroin. Resp't Ex. L.

After abolition of the D.C. Parole Board, jurisdiction over the petitioner's October 26, 1999, detainer warrant was transferred to the United States Parole Commission. Resp't Ex. M. Therefore, on February 26, 2001, the BOP requested guidance from the Commission as to the October 1999 warrant. Resp't Ex. N. On April 25, 2001, the Commission informed the BOP that the "warrant should be lodged as a detainer and should be executed upon completion of his current obligation." Resp't Ex. O. On July 28, 2001, the petitioner wrote a letter to the Commission acknowledging that the Commission had lodged the detainer warrant, but challenging the legitimacy of the warrant. Resp't Ex. P. On January 29, 2002, the Commission informed the petitioner that the warrant was

2

legitimately issued. Resp't Ex. Q.

On July 2, 2004, the District Court granted the petitioner a reduction in sentence to time served on his 2000 drug conviction. Resp't Ex. R. Although the parole warrant was lodged against the petitioner with the BOP, the petitioner was released from incarceration and his period of supervised release commenced. Resp't Ex. R & S.

On January 13, 2006, the District Court issued a supervised release violation warrant for several arrests the petitioner incurred in November and December of 2005. Resp't Ex. T. The petitioner's supervised release was revoked on March 24, 2006, and the petitioner sentenced to nine months incarceration to be followed by three years supervised release. Resp't Ex. U. After completion of his prison term, the petitioner was again released. Resp't Ex. S.

In October of 2006, the Commission became aware of the petitioner's subsequent arrests and release. Resp't Ex. S. Therefore, on October 22, 2006, the Commission supplemented the petitioner's prior warrant with his November 6, 2000, drug conviction. Resp't Ex. V.

On November 18, 2006, the petitioner was again arrested. Resp't Ex. W. Thus, on December 5, 2006, the Commission's warrant was executed and the petitioner was transferred to the custody of the Commission's warrant. Resp't Ex. X. On January 17, 2007, the Commission again supplemented its warrant with the various other crimes for which the petitioner was arrested in November of 2005. Resp't Ex. Y.

The petitioner's revocation hearing was held on April 17, 2007. Resp't Ex. Z. At the revocation hearing, the hearing examiner found that the petitioner violated the terms of his parole. Id. The hearing examiner recommended that the petitioner receive credit for the time periods he spent in custody on his supervised release violations. Id. However, the hearing examiner failed to

3

consider those times periods when calculating the petitioner's full term date as March 9, 2015. Resp't Ex. AA. On July 3, 2007, the Commission adopted the recommendations of the hearing examiner, revoked the petitioner's parole, and credited him with the recommended time served. Resp't Ex. BB. The petitioner appealed the Commission's decision to the National Appeals Board ("NAB"). Resp't Ex. CC. The petitioner's appeal was granted in part. Id. Therefore, on April 10, 2008, the Commission issued a corrected Notice of Action finding that none of the time the petitioner spent on parole would be credited toward his maximum sentence. Resp't Ex. DD.

Accordingly, at the time this case was filed, the petitioner's presumptive parole date was May 18, 2008, with a full term date of January 3, 2016. Resp't Ex. CC & EE. A check of the inmate locator, found on the BOP's website, shows that the petitioner was released from incarceration on May 16, 2008.

### III. The Contentions of the Parties

**A. The Petition**

In the petition, the petitioner presents the following three questions for the Court's consideration:

> (1) Did the Commission waive its right to any further jurisdiction over its warrant lodged as a detainer, when petitioner was mistakenly released twice from custody through no fault of his own over a period of seven years?
>
> (2) Did the Commission create a liberty interest in the process?
>
> (3) Why is there a discrepancy in the amount of time the petitioner owes toward service of his sentence?

**B. The Respondent's Response and Motion to Dismiss**

In the response and motion to dismiss, the respondent requests the petition be denied and

4

dismissed. In support of this request, the respondent argues:

(1) the Commission did not waive jurisdiction over the warrant lodged as a detainer against the petitioner;

(2) the Commission did not lack the authority to revoke the petitioner's parole because of a delay between the issuance of the warrant and the execution of the warrant;

(3) the government's actions or inactions do not create a liberty interest; and,

(4) the Commission correctly forfeited all of the time the petitioner spent on parole when it revoked his parole.

**C.    The Petitioner's Reply**

In his reply to the Court's Roseboro Notice, the petitioner requested additional time to respond to the respondent's motion. As previously mentioned, the petitioner was granted such an extension. However, the petitioner has never filed any additional response.

### III.    Analysis

**A.    Ground One - Waiver of Warrant**

In this ground, the petitioner asserts that there was a parole violator warrant lodged against him on October 26, 1997. The petitioner further asserts that the warrant remained dormant for seven years, during which the petitioner was released and rearrested on several occasions. The petitioner asserts then, that the inaction of the Commission during the events of those seven years, indicate that the warrant was either quashed or that the Commission waived its jurisdiction over the warrant.

The Fourteenth Amendment protects individuals from arbitrary and capricious acts of the Government. See Camper v. Norris, 36 F.3d 782, 784 (8th Cir. 1994). In order to state a claim under this theory, the petitioner must show that the official's conduct constitutes more than a "lack of eager pursuit" or "lack of interest." Id. (citations omitted). Moreover, it is the petitioner's burden to

5

establish "that the [government's] action was so affirmatively wrong or its inaction was so grossly negligent that requiring [the petitioner] to serve his sentence would be unequivocally inconsistent with fundamental principals of liberty and justice." Id. (internal quotations and citations omitted).

Here, however, there is no evidence that the Commission's conduct constitutes more that a lack of eager pursuit or a lack of interest. The Commission duly filed its detainer with the BOP. It was the BOP who released the petitioner from custody after his federal sentence was reduced. Thus, any "error" in this case was not the fault of the Commission, and the Commission never explicitly or implicitly, waived jurisdiction over this matter. In fact, when later notified that the petitioner had been released and subsequently re-arrested on several occasions, the Commission promptly supplemented its warrant and quickly commenced the appropriate action to execute the warrant. All in all, there was only a 29-month delay in the execution of the petitioner's warrant.[1] The undersigned does not believe that such a delay amounts to a waiver of jurisdiction. See Piper v. Estelle, 485 F.2d 245, 246 (5th Cir. 1973) (22-month delay in execution of detainer was not sufficient basis to void sentence). At worst, the petitioner's release was an administrative error that amounts to mere negligence. See Green v. Christiansen, 732 F.2d 1397, 1399 (9th Cir. 1984) ("A ministerial mistake does not necessarily excuse [the petitioner] from serving the rest of his sentence."). Accordingly, the petitioner is not entitled to relief on this claim.[2]

---

[1] The petitioner was mistakenly released on July 2, 2004. The warrant was executed on December 5, 2006.

[2] It should also be noted that the petitioner is at least partially to blame for his mistaken release. The petitioner was informed by his parole certificate that his parole term expired on November 30, 2005. Moreover, the petitioner wrote a letter to the Commission on July 28, 2001, evincing his understanding that there was a detainer lodged against him. However, the petitioner does not assert that at the time of his mistaken release, he made any effort to resolve his pending parole issues. See Mobley v. Dugger, 823 F.2d 1495, 1497 (11th Cir. 1987) (the Government "does not deny a prisoner due process when the prisoner himself is responsible for the delay"). Additionally, the undersigned notes that the petitioner has failed to

**B.  Ground Two - Liberty Interest**

In ground two, the petitioner asserts that the Commission created a liberty interest in his release when it failed to execute the parole violator warrant and he was mistakenly released.

Liberty interests are not created through government conduct which would give rise to a form of right-by-estoppel. Hawkins v. Freeman, 195 F.3d 732, 748 (4th Cir. 1999) (citing Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 464-65 (1981)). Liberty interests entitled to substantive due process protection are "created only by the Constitution." Id. (quoting Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J., concurring)). Therefore, the petitioner's belief that he was free from further parole revocation proceedings upon his mistaken release was merely a "unilateral hope," not a right. See Dumschat, 452 U.S. at 465. Put simply, the government's action of mistakenly releasing the petitioner from prison did not create a liberty interest where one did not otherwise exist, and the petitioner is not entitled to relief on this claim.

**C.  Ground Three - Computation of Sentence**

In this ground, the petitioner asserts that there is a discrepancy in the amount of time he allegedly owes toward the service of his sentence. In support of this ground, the petitioner asserts that the BOP has added additional time to his sentence bringing his full term release date to March 9, 2015, instead of what it actually should be, March 11, 2012. The petitioner asserts that the Commission added three additional years to his full term date without explanation and the BOP is therefore, miscalculating his sentence.

It appears that at the time the Commission granted the petitioner credit for time spent on

---

show how the delay in the execution of his parole violator warrant was prejudicial or unreasonable. See Cortinas v. United States Parole Comm'n, 938 F.2d 43, 45 (1991); White v. United States Parole Comm'n, 856 F.2d 59, 61 (8th Cir. 1988).

parole, the law established that time previously spent on parole could not be credited to the service of a sentence. See D.C. Code § 24-406(a); United States Parole Comm'n v. Noble, 693 A.2d 1084 (D.C. 1997), op. adopted, 711 A.2d 85 (D.C. 1998) (*en banc*). Thus, in its April 8, 2008, Notice of Action, the Commission corrected its July 3, 2007, Notice of Action, and essentially, revoked the prior granting of credit for time on parole. The petitioner received notice of this action and the BOP is computing the petitioner's sentence in compliance with that notice. Accordingly, the petitioner is not entitled to relief on this ground.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Response and Motion to Dismiss (dckt. 5) be **GRANTED** and the petitioner's § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

docket, and to counsel of record via electronic means.

DATED: December 18, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE